(14 Misc. Rep. 162.)

## PEOPLE v. AMERICAN STEAM–BOILER INS. CO.

### In re SOUTHERN NAT. BANK.

(Supreme Court, Special Term, New York County.    October, 1895.)

CORPORATIONS — RECE.VERS — REFERENCE OF CLAIM — NOTICE TO ATTORNEY
GENERAL.

Laws 1883, c. 378, relating to receivers of corporations, provides that a
copy of all motions and motion papers in every proceeding for the dis-
solution of a corporation shall be served on the attorney general, and
that any order or judgment granted without such service shall be void.
Code Civ. Proc. § 2429, declares applicable to receivers appointed there-
under the provisions of the Revised Statutes that receivers shall have all
the powers conferred on trustees of insolvent debtors, who are author-
ized to apply for the appointment of referees to determine the validity
of claims against their insolvents. *Held* that, where a claim against a
corporation was. presented to and rejected by the receiver appointed in
proceedings to dissolve, notice of an application for an order of refer-
ence need not be given to the attorney general.

Action by the people of the state of New York against the Amer-
ican Steam-Boiler Insurance Company for the dissolution of said
company.    The Southern National Bank presented a claim to the
receiver, which was rejected, and an application made to an appoint-
ment of a referee to determine the same.

John R. Abney, for claimant.

Henry D. Hotchkiss, for certain stockholders.

BEEKMAN, J.    The corporation above mentioned has been dis-
solved in voluntary proceedings instituted for that purpose, and a
permanent receiver has been appointed.    The Southern National
Bank, claiming that the corporation was indebted to it, made a de-
mand for payment upon the receiver, who rejected the claim, where-
upon the following consent or agreement was entered into by the
Southern National Bank and the receiver:

"Whereas, on the 11th day of April, 1894, the Southern National Bank of
New York filed with Henry S. Ward, Esq., receiver of the American Steam-
Boiler Insurance Company, a claim against the said American Steam-Boiler
Insurance Company for the sum of five thousand one hundred and seventy-
six ($5,176.60) 60-100 dollars; and whereas the said Henry S. Ward, Esq.,
receiver, has rejected said claim, and whereas the said Southern National
Bank of New York insists thereon:    Now, therefore, pursuant to the statute
in such cases made and provided, it is hereby consented that the controversy
between the said receiver and the said Southern National Bank of New
York be referred to Charles W. Dayton, Esq., counselor at law, of the city
of New York, as sole referee to hear and determine the same."

This stipulation or agreement is dated January 3, 1895, and on
the following day an order was made at special term, before Mr.
Justice Andrews, entitled as above, which, after reciting the reading
and filing of the consent above mentioned, ordered, on motion of the
attorney for the receiver, "that the controversy between Henry S.
Ward, as receiver of the American Steam-Boiler Insurance Company,
and the Southern National Bank of New York, concerning the claim
of the said Southern National Bank of New York against the said
American Steam-Boiler Insurance Company, be, and the same is

hereby, referred to Charles W. Dayton, Esq., counselor at law, of the city of New York, as sole referee, to hear and determine the same;" which order, under the direction of Mr. Justice Andrews, was duly entered in the office of the clerk of the city and county of New York. The reference thereupon proceeded, all parties in interest being represented by their respective counsel thereon, and a large amount of testimony has been taken, which has resulted in a report by the referee in favor of the claimant, which report has been filed, and the matter now comes on for hearing before me on exceptions thereto which have been filed by the attorney for the stockholders. A preliminary objection was raised that the attorney general had received no notice of the application for the order of reference based upon the agreement above mentioned, and that the order was, therefore, void, and all proceedings had under it a nullity. That question was the only one that was argued before me, it being understood that, if it should be determined adversely to those who raised it, the motion should afterwards be heard upon its merits.

Section 8 of chapter 378, Laws 1883, entitled "An act in relation to receivers of corporations," provides that:

"A copy of all motions and all motion papers, and a copy of any other application to the court, together with a copy of the order or judgment to be proposed thereon to the court, in every action or proceeding now pending for the dissolution of a corporation or a distribution of its assets, or which shall hereafter be commenced for such purposes shall, in all cases, be served on the attorney general, in the same manner as provided by law for the service of papers on attorneys who have appeared in actions, whether the applications but for this law would be ex parte or upon notice, and no order or judgment granted shall vary in any material respect from the relief specified in such copy or order, unless the attorney general shall appear upon the return day and have been heard in relation thereto; and any order or judgment granted in any action or proceeding aforesaid, without such service of such papers upon the attorney general, shall be void, and no receiver of any such corporation shall pay to any person any money directed to be paid by any order or judgment made in any such action or proceeding, until the expiration of eight days after a certified copy of such order or judgment shall have been served as aforesaid upon the attorney general."

This statutory provision is still in full force, and, if applicable to the particular proceeding before me, the contention on the part of the counsel for the stockholders must be sustained. In determining this question, it becomes necessary to consider the particular authority on which the reference in question is founded. The receiver herein was appointed under section 2429 of the Code of Civil Procedure. By that section, sections 66–89, Rev. St. (8th Ed.), relative to receivers and their powers, are made applicable to receivers appointed under the section in question. Section 68, Rev. St., provides as follows:

"Such receivers shall have all the power and authority conferred by law upon trustees to whom an assignment of the estate of insolvent debtors may be made, pursuant to the provisions of the 5th chapter, second part, Revised Statutes."

Section 73 provides that:

"Such receivers shall have the same power to settle any controversy that shall arise between them and any debtors or creditors of such corporation

by a reference as is given by law to trustees of insolvent debtors; and the same proceedings for that purpose shall be had and with like effect; and applications for the appointment of referees may be made to any officer authorized to appoint such referees on the application of the trustees of insolvent debtors, who shall proceed therein in the same manner, and the referees shall proceed in like manner and file their report with like effect in all respects."

The provisions of the Revised Statutes so referred to, relative to the powers and duties of trustees of insolvent debtors, are as follows: Section 19, art. 8, pt. 2, c. 5, tit. 1, 2 Rev. St., states:

"If any controversy shall arise between the trustees and any other person in the settlement of any demand against such debtor or of debts due to his estate, the same may be referred to one or more indifferent persons who may be agreed upon by the trustees and the party with whom such controversy shall exist, by a writing to that effect, signed by them."

By section 20 it is provided that if the referee or referees are not so selected, then the trustees, or any other party to the controversy, may serve a notice of an intention to apply to the officer who appointed the trustees, or to any judge of the supreme court, at chambers, for such appointment, which notice must be served 10 days before the time specified in the notice for the application. By section 21 the officer to whom such application is made is required thereupon to select such referees. By section 23 it is provided that:

"The officer before whom they shall be selected shall certify such selection in writing. Such certificate or the written agreement of the parties shall be filed by the trustees in the office of a clerk of the supreme court when the trustees were appointed under the first article of this title; and in the said office or in that of the clerk of the court of common pleas of the county when the trustees were appointed under any other article of this title: and a rule shall thereupon be entered by such clerk in vacation or in term appointing the persons so selected to determine the controversy."

Section 24 provides that such referees shall have the powers, and be subject to the duties, and receive the same compensation, as referees appointed in the supreme court in personal actions pending therein; and by section 25 it is declared that:

"The report of the referee shall be filed in the same office where the rule for their appointment was entered, and shall be conclusive upon the rights of the parties, if not set aside by the court."

Under this situation of the law upon the subject, it is claimed in support of the reference in question that there was no motion for the appointment of referees within the meaning of the act of 1883, and that no order of the nature contemplated thereby was made; that the act of 1883 referred only to a motion in an action or proceeding in which a receiver was appointed, and not to a collateral proceeding in the nature of an action instituted by the receiver; that the reference existed solely by force of the agreement entered into between the receiver and the claimant under statutory authority expressly conferred upon them so to agree, and that the provision for the entry of an order of reference in no sense depended upon any action by the court, or upon any application to the court for that purpose, but was a purely executive act on the part of the clerk, to be performed by him by virtue of a statutory mandate without further action or interference on the part of either the receiver or the

claimant, whose duty under the statute was completely fulfilled upon filing with the clerk the agreement of reference. The claim made by the attorney for the bank that, apart from any other question, no notice to the attorney general was necessary, because the reference was not a proceeding in an action, or special proceeding under which the receiver was appointed, is hardly tenable under the decision of the court of appeals in the case of Vanamee, 119 N. Y. 646, 23 N. E. 1149, in which it was held that the attorney general, under the act of 1883, was entitled to notice of a proceeding instituted by a receiver for a warrant, under that portion of the Revised Statutes which authorizes the trustees of an insolvent debtor to apply to the court for a warrant bringing before it for examination such debtor, his wife, or any other person alleged to have concealed or embezzled any part of the estate of the debtor which vested in the trustees.

The only question, then, which remains for consideration is whether there was an application to the court, and the entry of an order in this proceeding, within the meaning of the act of 1883. It may be conceded that this statute should receive a liberal construction, in view of its remedial character. But the construction must be reasonable, and should not seek to extend the act beyond its plain meaning, or to include within it cases to which it can have no rational application. Within these principles, I do not think that the case before me comes within the statutory requirement under consideration. The provision authorizing the receiver to agree with a creditor upon a reference of a disputed claim was intended to afford a speedy and an economical method of determining the question at issue without the delay and expense attending an action at law. The object was to keep the contending parties out of court, and to free them, as far as possible, from the forms of legal procedure. Hence we find the statute providing for a reference of a claim by written agreement designating the referee or referees to whose arbitrament the matter in dispute is to be submitted. The sanction of the court to this agreement is not required, and the selection of the referee is not only free from any judicial supervision or review, but even the direction of a judge, by whom the powers of the court are usually set in motion, is dispensed with in the formal order which the statute directs the clerk to enter upon the filing of the agreement. In a certain sense this order (or "rule," as the statute describes it) proceeds from the court through the action of its clerk, but the act is purely ministerial on the part of the latter, and quite similar in that respect to the entry of judgment by him in cases where no application to the court for judgment is required. The vital principle of the whole proceeding is found in the agreement for the reference, and when the receiver has filed this, no motion on his part is necessary to perfect the proceedings, or to secure to the referee the endowment of authority to proceed, for the statute makes it mandatory upon the clerk ex proprio motu to enter the order appointing the person so selected to determine the controversy, and it is the statute which declares that such referee shall be subject to the responsibilities and possess the powers which affect and qualify referees "appointed by the supreme court in personal actions pending

therein." A somewhat similar provision will be found in section 2718 of the Code of Civil Procedure, which requires the county clerk to enter an order referring a matter in controversy between an executor and a creditor of an estate to the referee, whose selection is made by the agreement of the parties. Another significant circumstance will not be overlooked in the provision, which requires the report of the referee to be filed in the office of the clerk where the order was entered, and which declares that such report shall be "conclusive upon the rights of the parties, if not set aside by the court." It will be noticed that no further action by the court is contemplated to give finality or effect to the report. The statute does not say that it shall be conclusive upon being affirmed by the court, but gives it immediate effect as a judgment, without any additional sanction, with the single qualification that it may be set aside by the court,—obviously, when successfully assailed in an appropriate proceeding instituted by an interested party for the purpose. It will be seen that the proceeding was intended to be one of great simplicity, in which it should not be necessary to move the court either to set it in operation or to give it ultimate effect. It is true, in the present case, that the order was one granted at special term, but it is none the less true that the order was entered by the clerk as it would have been his duty to do had the fiat of the judge not been affixed. The latter was surplusage, and the order may not, therefore, be attacked as in violation of section 8 of the act of 1883, when the only element tending to bring it within the section is an unnecessary act, not required by the statute, and which gave no additional force or sanction to the order. I have, therefore, come to the conclusion that the proceeding which led to the entry of the rule in question was not a motion, or the rule an order, within the meaning of the act of 1883, and that the failure of the receiver to give notice to the attorney general of either does not invalidate the proceedings had before the referee. The attorney for the claimant has pursued the practice of anticipating any motion on the part of the contesting parties to set the report of the referee aside under the statute by moving to confirm it. Notice of this motion has properly been given to the attorney general, who, it may be said in passing, does not join in the preliminary objection made by the counsel for the contesting stockholders. This objection being overruled, the further hearing of the motion on the merits may be brought on before me on two days' notice.